UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY HICKS, #312822,

          Plaintiff,

                                      CASE NO. 07-CV-14849
v.                                        HONORABLE GERALD E. ROSEN

CORRECTIONAL MEDICAL SYSTEMS, INC.,

          Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

I.

The Court has before it a *pro se* civil rights complaint filed by Randy Hicks ("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Parr Highway Correctional Facility in Adrian, Michigan. This Court has granted his application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he has been denied proper medical attention by Correctional Medical Systems, Inc., more properly known as Correctional Medical Services, Inc. ("CMS"), a company that contracts with the State of Michigan to provide prisoner medical care at various state facilities. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

Having reviewed Plaintiff's complaint, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

1

II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

III.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal.

Plaintiff alleges that CMS has failed to provide him with proper medical attention. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless

disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff, however, has made no such showing. Plaintiff alleges no facts to show that the defendants acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical care. His complaint is simply devoid of any facts regarding his medical condition, his medical treatment or lack thereof, or any deliberate or intentional conduct by CMS. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). Plaintiff's complaint must therefore be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim against CMS upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)(1). Lastly, the Court finds that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                s/Gerald E. Rosen  
                                                Gerald E. Rosen  
                                                United States District Judge

Dated: December 11, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2007, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager